# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 4. Motion and Affidavit for Permission to Proceed in Forma Pauperis

*Instructions for this form:*

**9th Cir. Case Number(s)** | NO: 24-6057

**Case Name** | ROBERT EMERT PLAINTIFF V. LUIS VENA; ET AL., DEFENDANTS

**Affidavit in support of motion:** I swear under penalty of perjury that I am financially unable to pay the docket and filing fees for my appeal. I believe my appeal has merit. I swear under penalty of perjury under United States laws that my answers on this form are true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

**Signature** | Robert Emert      **Date** | 11/07/24

The court may grant a motion to proceed in forma pauperis if you show that you cannot pay the filing fees **and** you have a non-frivolous legal issue on appeal. Please state your issues on appeal. (*attach additional pages if necessary*)

> The federal district court dismissed my lawsuit, citing the Rooker-Feldman doctrine, which prohibits federal courts from reviewing state court judgments which I am not requesting.
> Main Issues on My Appeal:
> 1. Fraud on the Court: I allege extensive fraud by multiple actors in state proceedings, which I argue falls outside Rooker-Feldman's scope as extensive citations dictate.
> 2. ADA Violations: I claim ongoing ADA violations in state court proceedings, presenting these as independent federal rights violations that fall outside "rooker-feldman".
> 3. Constitutional Rights Violations: I assert violations of my parental rights, due process, and First Amendment rights as independent claims that fall outside "rooker-feldman".
> 4. Misapplication of Rooker-Feldman: I argue that the doctrine was incorrectly applied to my case.
> 5. Three-Judge Panel Request: I requested a three judge panel due to the complexity of constitutional issues involved that was flat out ignored/denied.
> 6. Relief from Judgment: I requested relief under FRCP 60(b) and 60(d) based on alleged fraud and new evidence which was flat out ignored/denied.
> 7. Leave to Amend: I requested to amend my complaint with new allegations of fraud and ongoing constitutional violations which was flat out ignored/denied.
> 8. I requested early discovery, evidentiary hearing and case management conference and all requests were simply ignored/denied.
> My appeal contends the district court erred in dismissing my case without considering my evidence of fraud and constitutional violations, which I believe warrant federal court intervention despite Rooker-Feldman and there is extensive case law that supports my position. Anyone who has looked at this case knows that I have the evidence, and it is this court's duty to simply allow me to bring my evidence and to have my day in court and to end this manifest injustice that has shattered my life and has almost taken my life through a massive heart attack unjustly.

*Feedback or questions about this form? Email us at*

Form 4 | *1* | *Rev. 12/01/2018*

1. *For both you and your spouse, estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income Source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Self-Employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Income from real property (such as rental income) | $ 0 | $ N/A | $ 0 | $ N/A |
| Interest and Dividends | $ 0 | $ N/A | $ 0 | $ N/A |
| Gifts | $ 0 | $ N/A | $ 0 | $ N/A |
| Alimony | $ 0 | $ N/A | $ 0 | $ N/A |
| Child Support | $ 0 | $ N/A | $ 0 | $ N/A |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ N/A | $ 0 | $ N/A |
| Disability (such as social security, insurance payments) | $ 0 | $ N/A | $ 0 | $ N/A |
| Unemployment Payments | $ 0 | $ N/A | $ 0 | $ N/A |
| Public-Assistance (such as welfare) | $ 0 | $ N/A | $ 0 | $ N/A |
| Other (specify) | $ 0 | $ N/A | $ 0 | $ N/A |
| TOTAL MONTHLY INCOME: | $ 0 | $ N/A | $ 0 | $ N/A |

*Feedback or questions about this form? Email us at*

**Form 4**      2      *Rev. 12/01/2018*

2. *List your employment history for the past two years, most recent employer first.*
   *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | | Gross Monthly Pay |
|---|---|---|---|---|
| N/A | N/A | From | | $ |
| | | To | | |
| | | From | | $ |
| | | To | | |
| | | From | | $ |
| | | To | | |
| | | From | | $ |
| | | To | | |

3. *List your spouse's employment history for the past two years, most recent employer first.*
   *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | | Gross Monthly Pay |
|---|---|---|---|---|
| N/A | N/A | From | | $ |
| | | To | | |
| | | From | | $ |
| | | To | | |
| | | From | | $ |
| | | To | | |
| | | From | | $ |
| | | To | | |

*Feedback or questions about this form? Email us at* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**Form 4**           3           Rev. 12/01/2018

4. *How much cash do you and your spouse have?*  $ 0

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount You Have | Amount Your Spouse Has |
|---|---|---|---|
| N/A | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishing.*

| Home | Value | Other Real Estate | Value |
|---|---|---|---|
| N/A | $ | | $ |

| Motor Vehicle 1: Make & Year | Model | Registration # | Value |
|---|---|---|---|
| NON-OPERATIONAL 2004 HONDA | ACCORD | JHMCM568 24C036075 | $ 2,000 |

| Motor Vehicle 2: Make & Year | Model | Registration # | Value |
|---|---|---|---|
| N/A | | | $ |

*Feedback or questions about this form? Email us at* [illegible]

Form 4    4    Rev. 12/01/2018

| Other Assets | Value |
|---|---|
| N/A | $ 0 |
| | $ |
| | $ |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ 0 | $ N/A |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support. If a dependent is a minor, list only the initials and not the full name.

| Name | Relationship | Age |
|---|---|---|
| BÉ | SON | 17 |
| SÉ | DAUGHTER | 15 |
| | | |

Feedback or questions about this form? Email us at

Form 4     5     Rev. 12/01/2018

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) <br> - Are real estate taxes included?  ◯ Yes  ◯ No <br> - Is property insurance included?  ◯ Yes  ◯ No | $ 0 | $ N/A |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ N/A |
| Home maintenance (repairs and upkeep) | $ 0 | $ N/A |
| Food | $ 0 | $ N/A |
| Clothing | $ 0 | $ N/A |
| Laundry and dry-cleaning | $ 0 | $ N/A |
| Medical and dental expenses | $ 0 | $ N/A |
| Transportation (not including motor vehicle payments) | $ 0 | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ N/A |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| - Homeowner's or renter's | $ 0 | $ N/A |
| - Life | $ 0 | $ N/A |
| - Health | $ 0 | $ N/A |
| - Motor Vehicle | $ 0 | $ N/A |
| - Other | $ 0 | $ N/A |
| Taxes (not deducted from wages or included in mortgage payments) | | |
| Specify | $ 0 | $ N/A |

*Feedback or questions about this form? Email us at* [illegible]

Form 4                                                      6                                            Rev. 12/01/2018

|  | You | Spouse |
|---|---|---|
| Installment payments |  |  |
| - Motor Vehicle | $ 0 | $ N/A |
| - Credit Card (name) | $ 0 | $ N/A |
| - Department Store (name) | $ 0 | $ N/A |
| Alimony, maintenance, and support paid to others | $ 0 | $ N/A |
| Regular expenses for the operation of business, profession, or farm (attach detailed statement) | $ 0 | $ N/A |
| Other (specify) | $ 0 | $ N/A |
| **TOTAL MONTHLY EXPENSES** | $ 0 | $ N/A |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?* ○ Yes  ☒ No

    If Yes, describe on an attached sheet.

10. *Have you spent—or will you be spending—any money for expenses or attorney fees in connection with this lawsuit?* ○ Yes  ☒ No

    If Yes, how much? $ _____

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

    Please see attached letter of explaination, my Doctors letter and the Southern California District Court approval of my fee waiver from a related case.

12. *State the city and state of your legal residence.*

    City: Escondido    State: CA

    Your daytime phone number (ex., 415-355-8000): 760-612-9328

    Your age: 55    Your years of schooling: 16

Feedback or questions about this form? Email us at ___

Form 4    7    Rev. 12/01/2018



## Certificate for Return to School/Work

05/08/2024

Robert Emert was under my care.

**Limitations/Remarks:** Pt is unable to work at this time due to multiple chronic illneses and in specific due to history of PTSD, Major depression, and chronic heart condition. Pt is undergoing care and when he can go back to work is undetermined at this time.

**Provider Name:** Angelica Acosta

NHC El Cajon TELHT

855 E Madison Ave

Phone: 833-867-4642

**Clinic Representative Name:**

**Electronically Signed By:** Jessica B

Dear Honorable Court,

I am writing this motion to supplement my fee waiver form to proceed in forma pauperis. In another related lawsuit, the court had some questions so I am including this for clarification. If requested, I am prepared to provide medical documents and bills to the court to document the truth of my statements. **PLEASE FILE THIS UNDER SEAL BECAUSE MY X WIFE SHOWS OUR KIDS THIS STUFF TO TRY TO MAKE ME LOOK LIKE A DEAD BEAT DAD WHICH I AM NOT.**

The court made the following requests:

1. Alleging poverty with particularity, definiteness, and certainty:

In my updated fee waiver application, I have provided detailed information about my financial situation, including the medical conditions (heart attack, atrial fibrillation, severe hypertension, severe PTSD) that prevent me from working and earning an income.

2. Explaining my living situation:

I want to clarify that I am relying on the charity of my family to cover my basic living expenses, such as food. Without their support, I would have died and that is not an exaggeration. I would be homeless without their support to cover my basic essential needs.

3. Addressing the inconsistency regarding my car ownership and lack of income and expenses:

My car is non-operational and has not been registered for about three years or more, and thus does not contribute to my monthly expenses. In my updated fee waiver application, I have provided an estimate of my expenses, which are being covered by my family due to my health issues.

Additionally, I want to inform the court that I am approximately $50,000 in debt, which accrued after my heart attack, and I plan to file for bankruptcy soon. This information further supports my claim of being unable to pay the filing fees.

**I am currently on MediCal and SNAP which I think by itself would qualify me for a fee waiver.**

Thank you for your time and consideration. Again, if the court wants documentation such as medical records documenting the cardiac issue, hypertension; cardiac arrythmia's, PTSD or my debts; MediCal or SNAP information, I will provide promptly.

Sincerely,

*Rob Emert*

11/04/24

Robert Emert

# EXHIBIT A

# SOUTHERN CALIFORNIA DISTRICT COURT GRANTING IFP MOTION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert EMERT,<br><br>　　　　　　　　Plaintiff,<br>v.<br>Andrea SCHUCK, et al.,<br>　　　　　　　　Defendants. | Case No.: 24-cv-0002-AGS-AHG<br><br>**ORDER GRANTING IFP MOTION (ECF 7), DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND, AND CLOSING CASE** |

Plaintiff Robert Emert, suing for alleged civil-rights violations under 42 U.S.C. § 1983, moves to proceed in forma pauperis. For the reasons below, that motion is granted, but his complaint is dismissed without leave to amend.

## IFP Motion

Typically, parties instituting a civil action in a United States district court must pay filing fees of $405.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Emert owns only one asset—a non-operational vehicle he values at $2,500. (ECF 7, at 2.) He has no money in his bank accounts, has no income, is "over $50k in debt," and depends entirely on the "charity of [his] family" for housing and food. (*Id.*) The Court finds that Emert has sufficiently shown an inability to pay the initial fees. *See Blount v. Saul*, No. 21-cv-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).

1

24-cv-0002-AGS-AHG

## 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it "fails to state a claim," 28 U.S.C. § 1915(e)(2)(B), judged by the same "Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim," *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Although a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (cleaned up). Pro se pleadings are "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**A.   Background**

This is the fourth of six federal cases Emert recently filed that stem from either his 2023 state-court criminal conviction or a family-court decision affecting his parental-custody rights.[2] In this iteration, Emert claims that his "criminal defense attorney," defendant Jose Badillo, negotiated an "oral plea agreement" with defendant Deputy District Attorney Dawn Balerio and Emert's ex-wife, defendant Andrea Schuck. (ECF 1, at 4–5, 7.) A "custody provision" of that agreement allegedly provided that Emert's son Bryce "would return to Plaintiff's custody in a shared custody arrangement if Plaintiff pled guilty to resolve criminal charges." (*Id.* at 3.) Emert "pled guilty on April 4, 2023," but he says defendants "now falsely claim the plea deal did not contain any agreement regarding letting Bryce reside with plaintiff." (*Id.*) Emert neither provides the plea colloquy from that

---

[2] The other five cases are: *Emert v. Vena*, No. 3:23-cv-0230-RSH-AHG (S.D. Cal. Aug. 14, 2023) (filed Feb. 7, 2023); *Emert v. San Diego Superior Ct.*, No. 3:23-cv-1723-BAS-MSB (S.D. Cal. Oct. 4, 2023) (filed Sept. 18, 2023); *Emert v. California*, No. 3:23-cv-2318-JES-VET (S.D. Cal. Apr. 4, 2024) (filed Dec. 20, 2023); *Emert v. San Diego Bd. of Supervisors*, 3:24-cv-0671-JO-MSB (S.D. Cal. Apr. 12, 2024) (filed Apr. 12, 2024); and *Emert v. San Diego Superior Ct.*, No. 3:24-cv-0924-LL-MSB (S.D. Cal. May 31, 2024) (filed May 30, 2024).

hearing nor attests that the judge taking his plea was aware of any "custody provision." He was sentenced to and "remain[s] on a restrictive 3-year probation term." *See Emert v. California*, No. 3:23-cv-2318-JES-VET (S.D. Cal. Apr. 4, 2024), ECF 4, at 2.

Emert sues his ex-lawyer Badillo, prosecutor Balerio, and his ex-wife Schuck, claiming that their "breach of the plea agreement violated [his] constitutional rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment." (*Id.* at 5.) As circumstantial proof of his claims, Emert attaches transcripts of phone calls with his ex-wife and his ex-lawyer during the weeks after his plea, which he surreptitiously recorded. (*See id.* at 8–181.) These, he claims, "conclusively demonstrate that Defendants made and breached an enforceable plea agreement." (*Id.* at 6.)

He bases federal jurisdiction on defendant "Balerio's role in making the plea agreement which the other defendants failed to honor." (*Id.* at 3.) He asks the Court to "order[] Defendants to specifically perform the original plea agreement by letting Bryce live with his father." (*Id.*)

**B.  Discussion**

Section 1983 lawsuits are "a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (citing 42 U.S.C. § 1983). To state a § 1983 claim, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**1.  *Deputy District Attorney Balerio***

Emert fails to plausibly allege how Balerio violated his constitutional rights. "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Emert's allegations of any involvement by Balerio with custody issues are paper-thin. First, he says Balerio once spoke with Schuck

1  about "what [Schuck] wants [] out of [Emert] and what [Schuck] wants in regards to
2  [Emert's] participation in [their son's] life." (*Id.* at 137.) He also claims that his then-lawyer
3  told him Balerio "agreed to a plea deal whereby [Emert's son] would return to [Emert's]
4  custody." (*Id.* at 3.) Accepting as true that Emert's lawyer told him this (even though the
5  lawyer denies it (*see id.*)), it does not follow that Balerio actually agreed to any such thing.
6  In fact, the Court is entitled to treat this inference with some skepticism. After all, Balerio
7  has no power to enforce a private citizen's surrender of her child-custody rights—let alone
8  set aside a family-court ruling granting those rights.

9  Several other circumstances also seem to absolve Balerio of any § 1983 liability.
10  Emert does not allege that Balerio directly promised him anything about parental rights or
11  that she mentioned custody during his plea colloquy, when he could have objected. He
12  merely asserts in a conclusory fashion that Balerio's "involvement created a binding
13  agreement under state law"—yet he admits it was "the other defendants [who] failed to
14  honor" any purported arrangement. (ECF 1, at 3.) Balerio is not specifically alleged to
15  have taken any "affirmative act, participate[d] in another's affirmative acts, or omit[ted] to
16  perform an act [she was] legally required to do" that resulted in a violation of Emert's due-
17  process rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

18  And the attached documents undermine Emert's claim that any custody agreement
19  involving Balerio existed. "[W]hen an exhibit to a complaint is inconsistent with the
20  complaint's allegations, the exhibit controls." *Nguyen v. Bank of Am., NA*, 563 F. App'x
21  558, 558 (9th Cir. 2014). The nearly 200 pages of recorded phone calls point to two
22  separate arrangements—the actual plea agreement with the state and an "agreement to
23  agree" about custody between Emert and his ex-wife Schuck. (*See generally* ECF 1,
24  at 8–181.) The transcripts indicate Emert understood all along that any agreement with his
25  ex-wife was separate from his plea deal. After he'd pleaded guilty, Emert told Schuck:
26  "I thought *we* were going to come to an agreement. . . . I took the deal based on what you
27  said." (ECF 1, at 63 (emphasis added).) Schuck then told him "we have [a] little ways to
28  go before we can do an agreement" and insisted that any arrangement between them be "in

4

24-cv-0002-AGS-AHG

writing." (*Id.* at 68, 111.) Emert acknowledged that Schuck's "[l]awyers were *going to* draft something and propose it to" him. (*Id.* at 176 (emphasis added).) Weeks later, he still "look[ed] forward to an agreement" with her but had "not received that yet." (*Id.* at 176, 179.) Finally, a full six weeks after Emert's guilty plea, Schuck indicated that they had reached an impasse: "We are not in negotiations nor will we be until you do as I have requested and drop your other cases. At that point I will work with you for some shared physical (only) custody of Bryce." (*Id.* at 180.) If any understandings were receded from, they involved only private citizens, not the state. Emert does not plausibly allege that Balerio had any connection with this second, inchoate arrangement between the parents. Perhaps Emert took the plea deal in the misplaced hope that his ex-wife would independently cede custody. But that has nothing to do with Balerio.

Nor does he state a § 1983 equal-protection claim against Balerio. To do so, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Emert seems to assert he's in a protected class of "similarly situated parents." (ECF 1, at 5.) But he doesn't explain how Balerio treated him differently from those outside the class concerning custody agreements in plea deals. With the fall of that theory, so fall his chances of prosecuting a § 1983 claim against Balerio.

### 2. *Badillo and Schuck*

Emert cannot maintain a § 1983 claim against his ex-wife or ex-lawyer, since he fails to allege how either was acting under color of state law. Emert does mention that "Badillo failed to secure the plea agreement regarding Bryce's custody in writing," but to the extent he may be trying to allege legal malpractice against his ex-lawyer, the Court declines to exercise supplemental jurisdiction over that or any other construable state-law claim. (*See* ECF 1, at 3.)

### 3. *Improper Vehicle for Remedy Sought*

Even if Emert had managed to state a § 1983 claim, the relief he requests—"specific performance" of the alleged plea agreement so he can gain physical custody of his son (*see*

5

24-cv-0002-AGS-AHG

1   ECF 1, at 4)—is not properly sought under that statute. Moreover, specific performance is
2   impossible. Even if Emert's plea deal somehow included a child-custody provision,
3   42 U.S.C. § 1983 does not authorize this Court to summarily annul a state's custody ruling.
4   With very few exceptions, a California family court "that has made a child custody
5   determination . . . has exclusive, continuing jurisdiction over the determination." *See* Cal.
6   Fam. Code § 3422(a). What's more, the family court itself cannot modify its ruling without
7   a showing "that there is new evidence or that there are changed circumstances that make a
8   change of placement in the best interest of the child." *In re Stephanie M.*, 867 P.2d 706,
9   718 (Cal. 1994). Nor can this Court constitutionally order Emert's ex-wife to disregard the
10  family-court determination, relinquish her parental rights, and hand over her child.

11      When a "breach of plea agreement" claim is brought and "specific performance is
12  impossible," as it is here, "the only other possible remedy is rescission of the plea
13  agreement and withdrawal of the guilty plea." *Carter v. Sandoval*, No. 2:18-cv-02064-
14  RFB-EJY, 2020 WL 4668190, at *6 (D. Nev. July 9, 2020), *aff'd*, 859 F. App'x 53
15  (9th Cir. 2021). Such a claim "may not be pursued in a § 1983 action," as "habeas corpus
16  is the exclusive remedy to attack the legality of the conviction or sentence." *Id.* (citing
17  *Nettles v. Grounds*, 840 F.3d 922, 933 (9th Cir. 2016)).

18      Finally, even if the Court were to construe Emert's complaint as a habeas petition,
19  it would fail. A federal habeas petitioner must exhaust state remedies by "present[ing] the
20  California Supreme Court with a fair opportunity to rule on the merits of every issue
21  raised." *Emert v. California*, No. 3:23-cv-2318-JES-VET, 2024 WL 787381, at *1 (S.D.
22  Cal. Feb. 26, 2024) (dismissing Emert's previous habeas action for failure to exhaust).
23  Separately and additionally, "a petitioner must name the state officer having custody of
24  him as the respondent." *Id.* at *2. Emert has done neither.

25  C.  **Denial of Leave to Amend**

26      Accordingly, the complaint fails to survive screening and must be dismissed for
27  failure to state a claim. *See* 28 U.S.C. § 1915(e). Although a "court should not dismiss a
28  pro se complaint without leave to amend unless it is absolutely clear that the deficiencies

6

of the complaint could not be cured by amendment," no such cure is possible here. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up). Because the relief Emert seeks is not even available under § 1983, any amendment would be futile; in such a case, courts may deny leave to amend. *See Joe v. Supreme Ct. of Cal.*, No. 22-16224, 2023 WL 5346048, at *1 (9th Cir. Aug. 21, 2023) (affirming denial of leave to amend for pro se pleading when "amendment would be futile").

### D. Conclusion

Emert's IFP motion (ECF 7) is **GRANTED**. But his complaint is **DISMISSED** for failure to state a claim, without leave to amend. All other outstanding motions (ECF 8 & 9) are **DENIED AS MOOT**. The Clerk is directed to close this case.

Dated: August 21, 2024

Andrew G. Schopler
United States District Judge

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT EMERT,

    Plaintiff - Appellant,

v.

LUIS VENA; et al.,

    Defendants - Appellees.

No. 24-6057

D.C. No.
3:23-cv-00230-RSH-AHG
Southern District of California,
San Diego

ORDER

The fees for this appeal are overdue. Within 21 days, appellant must pay $605 to the district court and file proof of payment in this court or file a motion to proceed in forma pauperis. If appellant does not do so, the court will dismiss this appeal. *See* 9th Cir. R. 42-1.

The clerk will serve a copy of Form 4 on appellant.

                FOR THE COURT:

                MOLLY C. DWYER
                CLERK OF COURT