No. 24-6057

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

Robert Emert,

*Plaintiff-Appellant* ,

v.

ANDREA SCHUCK, et al.,

*Defendant-Appellee*

On Appeal from the United States District Court
for the Southern District of California
No. 3:23-cv-00230-RSH-AHG
Hon. Robert Steven Huie

**FRAP 28(j) - LETTER TO THE NINTH CIRCUIT- SUPPLEMENTAL AUTHORITIES IN SUPPORT OF APPELLANT'S NOVEMBER 27, 2024 RESPONSE TO THE COURT**

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
760-612-9328
robemert@msn.com

Pursuant to Federal Rule of Appellate Procedure 28(j), I write to supplement my November 27, 2024 response regarding frivolousness by bringing the Court's attention to authorities demonstrating that Commissioner Ratekin's improper denial of my peremptory challenge created a structural defect requiring complete relief:

*People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993) and Estate of Eskra, 51 Cal.3d 943 (1991)* establish that improper denial of a *CCP §170.6* challenge renders all subsequent orders void ab initio. Any reliance on the February 4, 2021, verbal stipulation is legally irrelevant under controlling precedent. As held in *Stephens v. Superior Court, 30 Cal.4th 1082 (2002)*, a peremptory challenge may be filed any time before substantive rulings. In *re Marriage of Goodarzirad, 185 Cal.App.3d 1020 (1986)* specifically holds that initial agreement to a commissioner's authority is nullified by subsequent proper challenge where no substantive proceedings occurred.

*California Rules of Court, rule 2.831(b)* mandates written stipulation and judicial signature for temporary judge status. *Rule 2.834(b)(3)* categorically prohibits commissioners from acting as temporary judges with self-represented litigants absent specific written requirements. These mandatory protections cannot be waived by verbal stipulation.

This jurisdictional defect infects all related cases. What began as a straightforward custody matter has expanded into multiple proceedings due to systematic denial of

basic due process - specifically, the right to an evidentiary hearing denied for over four years across multiple courts.

The law is unambiguous: Commissioner Ratekin's orders are void ab initio, requiring all derivative proceedings be unwound to February 4, 2021, status. With respect, binding precedent leaves no discretion in this matter - these void orders cannot stand under California law or federal due process requirements. I believe in our Judicial system and have exhausted all my state remedies to get the 9th Circuit for Justice.

12/06/24

Respectfully,

*Rob Emert*

Robert Emert

**CERTIFICATE OF SERVICE**

I certify that on 12/06/24, I electronically filed this Citation of Supplemental Authorities under FRAP 28(j) with the Ninth Circuit Court of Appeals via CM/ECF and served copies by email to:

williams@williamsiagmin.com,dpettit@pettitkohn.com,sbloch@pettitkohn.com

austin.uhler@sdcounty.ca.gov,dschulman@msmfamilylaw.com,carmela.duke@sdcourt.ca.gov,peter@pqslaw.com,steven.inman@sdcounty.ca.gov,mcord@apjohnsonesq.com

Dated: December 6, 2024

*Rob Emert*

Robert Emert

2351 Vista Lago Terrace Escondido, CA 92029

760-612-9328

robemert@msn.com

**CERTIFICATE OF COMPLIANCE**

I certify that this letter contains 294 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This letter complies with Federal Rule of Appellate Procedure 28(j)'s 350-word limit.

12/06/24

Robert Emert

*Rob Emert*