**No.** 24-6057

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

Robert Emert,

*Plaintiff-Appellant ,*

v.

ANDREA SCHUCK, et al.,

*Defendant-Appellee*

On Appeal from the United States District Court
for the Southern District of California
No. 3:23-cv-00230-RSH-AHG
Hon. Robert Steven Huie

## APPELLANT'S MOTION TO STRIKE AND FOR LEAVE TO FILE
## REPLY TO OPPOSITION'S RESPONSE

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
760-612-9328
robemert@msn.com

Pursuant to Federal Rules of Appellate Procedure 27(a) and Circuit Rules 27-1 and 27-3, Appellant moves to strike portions of Appellees' Response containing material misrepresentations and requests leave to file a reply addressing additional errors.

## I. INTRODUCTION

Appellees' Response is riddled with material misrepresentations that demand correction through reply. More fundamentally, their arguments are entirely moot because they rest on orders that are void ab initio under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993). Commissioner Ratekin's improper denial of Appellant's February 8, 2021 peremptory challenge created a structural defect requiring federal intervention, particularly after her unauthorized attempt to cure this fatal flaw by self-designating as a temporary judge in violation of California Rules of Court, rules 2.831(b) and 2.834(b)(3).

The gravity of the constitutional violations in this case is further demonstrated by Appellees' documented pattern of material misrepresentation to federal courts. Most notably, in his April 20, 2023 filing with the District Court, Schulman made demonstrably false statements about the chronology of events that go to the heart of this case's jurisdictional defects. Through counsel, Schulman represented to the District Court that Commissioner Ratekin only suggested facility placement for Appellant's teenage son after receiving psychological recommendations. This

statement is conclusively proven false by the February 4, 2021 transcript, which shows Ratekin announced her facility placement agenda within minutes of taking the case - before any psychological evaluation was even ordered. This deliberate reversal of the chronology served to conceal both the predetermined nature of Ratekin's actions and the coordinated effort to manufacture post-hoc justification for decisions made without jurisdiction.

Appellees' current Response perpetuates this pattern of misrepresentation by attempting to artificially separate the Rule 60(b) motion from the underlying Rooker-Feldman dismissal while dismissing extensively documented evidence as mere "conspiracy theory." Yet the timeline of evidence discovery – shows that even though I have requested early discovery, evidentiary hearing, management conference to review all the new and old evidence has been denied at every turn.

This deliberate pattern of misrepresentation to federal courts, coupled with the systematic denial of every attempt to present evidence through proper channels, demonstrates why this case presents constitutional violations independent of state court rulings that require federal intervention.

In addition, Schulman's Response continues a pattern of procedural manipulation by attempting to artificially separate the Rule 60(b) motion from the underlying Rooker-Feldman dismissal. This latest misrepresentation ignores both the extensive new evidence discovered post-dismissal and the systematic denial of

every attempt to present this evidence through proper channels. The Response's characterization of documented evidence as "conspiracy theory" while simultaneously blocking all mechanisms for evidence presentation exemplifies the constitutional violations requiring federal intervention.

For nearly two years, under two judges and supported by three Family Court Services reports and two child interviews, Appellant shared 50/50 custody of his children with Appellee Schuck. This stable arrangement was abruptly disrupted when Commissioner Ratekin took over the case on February 4, 2021. Within minutes of her first hearing - before reviewing any evidence or hearing any testimony - Ratekin announced her intention to place Appellant's teenage son in a residential facility. When Appellant filed a timely peremptory challenge on February 8, 2021, before any orders were made or arguments heard, Ratekin improperly denied it in direct violation of federal due process guarantees.

**Foundational Jurisdictional Defects** | Initial Void Orders: February 2021 improper challenge denial • Systematic Exploitation: four years without evidence being heard • Constitutional Impact: due process violations across jurisdictions • Current Status: compounding void orders remain unenforced.

**Direct Evidence of Retaliation** | Law Enforcement Admission: DAI Pena confirms retaliatory prosecution • Documented Pattern: retaliatory supervision

order on recusal day • ADA Violations: denied accommodations during medical crisis • Audio Confirmation: recorded proof of systematic misconduct.

**Judicial Officer Misconduct** | Commissioner Ratekin: facility agenda within minutes of assignment • Judge Alksne: enforced void orders, denied COVID accommodations • Supervising Judge: undisclosed conflicts with Schulman's client and second supervising judge a founding member of Schulmans law firm – Clearly, Schulman knew both were a conflict • Pattern: coordinated prevention of evidence presentation.

**Material Misrepresentations** | False Timeline: facility placement recommendation claims disproven by transcript • Concealed Relationships: multiple judicial conflicts hidden • Evidence Suppression: four years blocking hearings • Cross-System Coordination: family court leveraging criminal process.

These constitutional violations are independent of state court rulings and require federal intervention to address systematic denial of due process spanning four years. Under Wallace v. Spencer, No. 20-15950 (9th Cir. 2021), federal courts maintain jurisdiction to address constitutional violations that are independent of state court judgments, even in family law matters. The systematic denial of due process and documented retaliation here present exactly such independent constitutional claims.

Schulman's Response perpetuates this pattern of deception through material misrepresentations to this Court. Most egregiously, Schulman falsely claimed through counsel that Ratekin only suggested facility placement after receiving psychological recommendations, when the transcript proves she announced this agenda within minutes of taking the case. Such knowing false statements to the federal court by experienced counsel warrant both striking of the Response and sanctions.

## II. PORTIONS WARRANTING STRIKING

The Response filed by Appellees contains three critical material misrepresentations that constitute potential fraud upon the court. These deliberate distortions transcend mere advocacy and require striking:

**Core Timeline Misrepresentation** | Facility Placement Agenda: transcript proves February 4 immediate announcement • Schulman's False Claim: alleged post-evaluation recommendation • Evidence Contradiction: two years 50/50 custody success, three FCS reports support • Impact: fundamental deception about case initiation.

**Jurisdictional Defect Concealment** | Void Orders Foundation: Lavi controls improper challenge denial • Rules Violated: Cal. Rules of Court 2.831(b), 2.834(b)(3) written requirements • Deliberate Omission: concealed structural defect from federal court • Legal Impact: renders subsequent orders unenforceable.

**Retaliatory Pattern Mischaracterization** | Direct Evidence Dismissed: DAI Pena's recorded admission labeled "conspiracy" • Documented Retaliation: supervision order on recusal day, ADA violations • Supporting Documentation: medical records, education professionals' opposition • Systematic Pattern: cross-jurisdiction coordination to maintain void orders.

**Each misrepresentation materially impacts this Court's consideration:**

**False Chronology Impact** | Timeline Distortion: masks predetermined outcome • Evidence Suppression: conceals lack of factual basis • Due Process: demonstrates systematic rights violations • Federal Question: shows independent constitutional violations.

**Jurisdictional Impact** | Void Foundation: undermines all subsequent orders • Constitutional Rights: systematic due process violations • Federal Intervention: demonstrates necessity • Pattern: shows coordinated rights deprivation.

**Evidence Suppression Pattern** | Document Trail: education professionals' opposition concealed • Medical Records: ADA violation documentation hidden • Audio Evidence: law enforcement admissions dismissed • Impact: demonstrates systematic misconduct.

These deliberate misrepresentations, supported by transcript evidence and audio recordings, warrant both striking and sanctions. They demonstrate a continuing

pattern of deception designed to prevent federal review of serious constitutional violations.

## III. STRUCTURAL DEFECT RENDERS OPPOSITION ARGUMENTS MOOT

The jurisdictional collapse stemming from Commissioner Ratekin's improper denial of a peremptory challenge renders every subsequent order void ab initio under controlling authority. This fundamental defect, documented through transcript evidence and audio recordings, makes Appellees' Response legally irrelevant:

**Jurisdictional Foundation** | Controlling Authority: People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993) • Uncurable Defect: Estate of Eskra, 51 Cal.3d 943 (1991) • Rules Violated: Cal. Rules of Court 2.831(b), 2.834(b)(3) • Impact: structural defect voids all subsequent orders.

**Systematic Due Process Violations** | Evidence Blocking: four-year hearing denial • Documentation Suppression: education professionals' opposition concealed • Medical Records: ADA accommodation denials • Pattern: coordinated prevention of evidence presentation.

**Cross-Jurisdiction Exploitation** | Criminal Process: void order enforcement attempt • Detention Abuse: manufactured bail denial • Evidence Withholding: FBI transcript concealment • Audio Confirmation: DAI Pena admits retaliatory basis.

**Compounding Constitutional Violations** | Initial Void Orders: premature facility agenda, unauthorized modifications • Judge Alksne's Actions: pyramid scheme off void foundation • Criminal Extension: prosecution based on void orders • Current Impact: systematic rights deprivation continues.

**Material Impact on Proceedings** | Criminal Case: unenforceable void orders invalidate charges • Custody Status: requires return to pre-void 50/50 arrangement • Federal Review: independent constitutional violations warrant intervention • Pattern Evidence: demonstrates systematic due process denial.

These structural defects, coupled with documented retaliation and systematic misconduct, render Appellees' arguments legally moot while demonstrating the necessity of federal intervention to address ongoing constitutional violations.

## IV. ARTIFICIAL PROCEDURAL DISTINCTIONS CANNOT CURE FUNDAMENTAL JURISDICTIONAL DEFECT

As established in Wallace v. Spencer, No. 20-15950 (9th Cir. 2021), federal courts retain jurisdiction over constitutional violations that are independent from state court judgments. The void orders stemming from Commissioner Ratekin's improper challenge denial, coupled with documented retaliation and systematic due process violations, present independent constitutional claims requiring federal intervention regardless of Rooker-Feldman considerations.

Appellees' attempt to artificially separate the Rule 60(b) analysis from the underlying Rooker-Feldman dismissal ignores a dispositive reality - all orders stemming from Commissioner Ratekin's improper denial of the February 8, 2021 peremptory challenge are void ab initio under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993). This creates a structural defect that cannot be cured through procedural maneuvers.

While substantial evidence continues to emerge - from DAI Pena's recorded admission of retaliatory prosecution discovered after the original denial, to medical records documenting systematic ADA violations uncovered after the Rule 60(b) motion, with new evidence still coming to light - the fundamental jurisdictional defect makes such evidence ultimately confirmatory rather than determinative. Most critically, the original evidence that was never examined, including the February 4, 2021 transcript conclusively proving Commissioner Ratekin announced her facility placement agenda within minutes of taking the case, supports relief under Rule 60(b) while simultaneously demonstrating why all subsequent orders are void. This created a void foundation that invalidates all subsequent orders.

The systematic denial of every attempt to present evidence through proper channels - spanning four years without a single evidentiary hearing - demonstrates the coordinated effort to prevent examination of this jurisdictional collapse. Yet

procedural barriers cannot validate void orders. When Commissioner Ratekin improperly denied the peremptory challenge while pursuing a predetermined facility placement agenda for profit and leverage, she created a structural defect requiring return to February 4, 2021 status.

This Court need not parse artificial distinctions between Rule 60(b) evidence and Rooker-Feldman analysis when the foundational orders lack jurisdiction. The extensive evidence of systematic misconduct, while compelling, serves primarily to document the constitutional violations stemming from enforcement of void orders. Federal intervention is required not to review state court rulings but to address the independent constitutional violations arising from maintaining knowingly void orders through coordinated abuse of process.

## V. DOCUMENTED MISCONDUCT REQUIRES FEDERAL INTERVENTION

Law enforcement's own recordings and court transcripts provide direct evidence of systematic misconduct that Schulman's Response dismissively mislabels as mere "conspiracy theory" - a characterization that collapses in the face of concrete evidence:

**Law Enforcement Admissions** | DAI Pena Recording: explicitly admits retaliatory prosecution • FBI Transcript: deliberately withheld exculpatory

evidence • DDA Actions: manufactured detention without bail • Audio Evidence: directly contradicts "conspiracy" dismissal.

**Direct Evidence Contradicting "Conspiracy" Claims** | Court Transcripts: prove predetermined facility agenda • Audio Recordings: capture law enforcement admitting retaliation • Medical Records: document systematic ADA violations • Education Records: professional opposition to placement.

**Systematic Evidence Suppression** | Hearing Denial: four years without evidence presentation • Professional Opposition: education experts' concerns concealed • Medical Documentation: ADA violation record • Pattern: coordinated blocking of factual review.

**Schulman's Orchestrated Pattern** | Concealed Conflicts: multiple judicial relationships hidden • Hand-Picked Experts: office proximity concealed • Whistleblower Retaliation: immediate custody modification • Response Strategy: label documented evidence as "conspiracy."

**Cross-System Coordination** | Family Court: void orders as foundation • Criminal Process: enforcement of unenforceable orders • Medical Access: ADA accommodation denials • Documentation: systematic rights deprivation.

**Concrete Evidence Trail** | Court Transcripts: prove false timeline representations • Audio Recordings: capture admission of retaliation • Medical Records: document ADA violations • Education Records: show opposition to facility placement.

This extensively documented pattern, far from any "conspiracy theory," demonstrates a coordinated effort to deprive constitutional rights through:

1. Void order exploitation

2. Evidence suppression

3. Retaliatory prosecution

4. Systematic due process denial

Schulman's attempt to dismiss mountains of concrete evidence as "conspiracy theory" only underscores the necessity of federal intervention, particularly given the audio evidence confirming retaliatory motivation and the systematic denial of due process spanning four years.

## VI. SYSTEMATIC ABUSE ACROSS JURISDICTIONAL BOUNDARIES

Appellees' dismissal of systematic misconduct as "conspiracy theory" fails in the face of documented cross-jurisdictional coordination to maintain void orders:

**Multi-Court Exploitation Pattern** | Family Court: void orders as foundation • Criminal Court: enforcement of unenforceable orders • Federal Impact: independent constitutional violations • Documentation: systematic coordination across venues.

**Evidence of Orchestrated Suppression** | DAI Pena Recording: "pissed off" court insiders • DDA Actions: withheld FBI exculpatory evidence • Judicial Pattern: coordinated hearing denials • Timeline: four years without evidence presentation.

**Cross-System Rights Deprivation** | ADA Violations: denied medical accommodations • Education Professionals: opposition suppressed • Criminal Process: manufactured detention • Pattern: leveraged void orders across systems.

**Documented Retaliation Chain** | Whistleblower Impact: immediate custody modification • Criminal Charges: admitted retaliatory basis • Medical Access: denied during heart attack • Pattern: punishment for exposing misconduct.

**Coordinated Prevention of Review** | Hearing Blocks: systematic evidence suppression • Jurisdiction Shifts: venue changes to avoid review • Void Order Usage: cross-court enforcement attempts • Impact: maintained through multiple systems.

**Financial Exploitation Pattern** | IFP Interference: attempts to block review • Resource Drain: manufactured proceedings • Criminal Impact: coerced plea attempts • Documentation: systematic financial pressure.

This pattern of systematic abuse, supported by audio recordings, transcripts, and documentary evidence, demonstrates:

1. Coordinated rights deprivation

2. Multi-jurisdictional exploitation

3. Documented retaliation

4. Systematic due process violations

The evidence proves not conspiracy theory but rather a documented pattern of constitutional violations requiring federal intervention.

## VII. SCHULMAN'S DOCUMENTED MISCONDUCT AS ORCHESTRATING COUNSEL

Schulman's Response perpetuates a pattern of misconduct that transcends zealous advocacy, documented through concrete evidence:

**Orchestration of Void Orders** | Ratekin Timeline: exploited improper challenge denial • Facility Agenda: coordinated immediate placement effort • Hidden Relationships: concealed judicial conflicts • Pattern: leveraged void orders across venues.

**Material Misrepresentations** | False Chronology: facility placement recommendation claims • Transcript Contradiction: proves February 4 predetermined agenda • Hidden Conflicts: multiple judicial relationships concealed • Current Status: continuing deception in federal court.

**Evidence Suppression Pattern** | Professional Opposition: education experts silenced • Medical Records: ADA violation documentation hidden • FBI

Transcript: exculpatory evidence concealed • Impact: systematic prevention of factual review.

**Retaliatory Coordination** | DAI Pena Evidence: confirms "pissed off" motivation • Whistleblower Response: immediate custody modification • Criminal Leverage: void order enforcement attempt • Pattern: cross-jurisdiction retaliation.

**Systematic Due Process Denial** | Hearing Prevention: four years without evidence presentation • Challenge Blocking: improper rejection coordination • ADA Violations: denied medical accommodations • Documentation: coordinated rights deprivation.

**Expert Manipulation** | Hand-Picked Evaluator: office proximity concealed • Opposition Suppression: education professionals ignored • Medical Evidence: accommodation needs dismissed • Pattern: controlled narrative maintenance.

**Financial Exploitation** | IFP Interference: attempts to block review access • Resource Drain: manufactured proceedings • Criminal Impact: coerced plea attempts • Documentation: systematic pressure campaign.

These actions, far from mere aggressive representation, demonstrate:

1. Coordinated misconduct

2. Material misrepresentation

3. Evidence suppression

4. Systematic rights violations

Schulman's attempt through counsel to dismiss this documented pattern as "conspiracy theory" collapses in the face of audio recordings, transcripts, and documentary evidence requiring federal intervention.

**And, most concerning:**

Schulman's misrepresentation to the District Court about the chronology of Commissioner Ratekin's facility placement agenda exemplifies the systematic misconduct requiring federal intervention. Specifically, in his April 20, 2023 filing (Doc. 22), Schulman represented to the District Court:

"Commissioner Ratekin presided over the case for some time, and eventually, she ordered Ms. Schuck, Plaintiff, and B.E. to see a psychologist about B.E.'s mental condition... During the hearing, Plaintiff contends Commissioner Ratekin claimed B.E. needed to be placed in a facility... Commissioner Ratekin based this recommendation on the Psychologist report."

The court transcript from February 4, 2021 conclusively proves this representation false. On her first day presiding over the case, within minutes of taking the bench and before any psychological evaluation was ordered or conducted, Commissioner Ratekin announced her predetermined agenda regarding facility placement. This was not a recommendation based on evidence or professional evaluation - it was a

declaration made before any substantive proceedings had occurred, at a hearing where Commissioner Ratekin herself stated she "did not have time to hear arguments."

The significance of this misrepresentation extends beyond mere factual inaccuracy. It demonstrates:

1. The void nature of Commissioner Ratekin's orders, as she had already predetermined outcomes before hearing evidence
2. The systematic effort to manufacture post-hoc justification for decisions made without jurisdiction
3. The coordinated pattern of concealing material facts from federal courts
4. The necessity of federal intervention to address constitutional violations that transcend state court rulings

## VIII. PRAYER FOR RELIEF

The Court must recognize that all proceedings after February 4, 2021, are void ab initio due to Commissioner Ratekin's improper denial of a valid peremptory challenge, which occurred after she revealed her predetermined agenda to place Appellant's son in a facility without reviewing evidence or hearing testimony. Under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993), this jurisdictional defect cannot be cured and requires return to the pre-February 4, 2021 status quo of 50/50 custody.

Nevertheless, to address the ongoing pattern of misrepresentation, I respectfully request that this Court:

1.  Strike Appellees' Response due to:

    a.  Demonstrably false timeline representations regarding facility placement

    b.  Material mischaracterization of audio evidence confirming retaliation

    c.  Systematic concealment of jurisdictional defects

    d.  Knowing submission of false statements to federal court

2.  In the alternative, grant leave to file a comprehensive reply addressing:

    a.  Audio recordings proving retaliatory motivation

    b.  Transcript evidence of predetermined facility placement agenda

    c.  Documentation of systematic cross-jurisdictional abuse

    d.  Evidence of coordinated due process violations

    e.  Proof of divorce leverage and cronyism in facility placement scheme

3.  Proceed with:

    a.  Resolution of pending IFP application

    b.  Acceptance of opening brief

    c.  Review of audio and transcript documentation

    d.  Consideration of sanctions for material misrepresentations

    e.  Recognition that all orders post-February 4, 2021 are void

The extensive documentation through audio recordings, transcripts, and official records demonstrates systematic misrepresentation warranting these remedies. However, the fundamental jurisdictional collapse stemming from the improper challenge denial renders all subsequent proceedings, including Appellees' Response, legally void. This structural defect, coupled with evidence of child trafficking through predetermined facility placement for financial gain and divorce leverage, requires immediate federal intervention to prevent further constitutional violations.

Dated: December 9, 2024

Respectfully submitted,

*Rob Emert*

Rob Emert

Appellant, Pro Se

Robemert@msn.com

760-612-9328

## CERTIFICATE OF SERVICE

I certify that on December 10, 2024, I electronically filed this APPELLANT'S MOTION TO STRIKE AND FOR LEAVE TO FILE REPLY TO OPPOSITION'S RESPONSE with the Ninth Circuit Court of Appeals via CM/ECF and served copies by email to:

williams@williamsiagmin.com

dpettit@pettitkohn.com

sbloch@pettitkohn.com

austin.uhler@sdcounty.ca.gov

dschulman@msmfamilylaw.com

carmela.duke@sdcourt.ca.gov

peter@pqslaw.com

steven.inman@sdcounty.ca.gov

mcord@apjohnsonesq.com

*Rob Emert*

Rob Emert

12/09/24

Robemert@msn.com

760-612-9328

Appellant, Pro Se