**No.** 24-6057

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

Robert Emert,

*Plaintiff-Appellant ,*

v.

ANDREA SCHUCK, et al.,

*Defendant-Appellee*

On Appeal from the United States District Court
for the Southern District of California
No. 3:24-cv-00230-RSH-AHG
Hon. Robert Huie

_____

**MOTION TO CONSOLIDATE RELATED CASES AND
REQUEST FOR EXPEDITED PROCEDURES PURSUANT TO
FRAP 3(b)(2), CIRCUIT RULES 27-1 AND 27-3
*** WITH APPLICATION FOR OVERSIZED MOTION *****

_____

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
760-612-9328
robemert@msn.com

## Contents

APPLICATION FOR LEAVE TO FILE OVERSIZED MOTION .................................................2

TABLE OF AUTHORITIES ............................................................................................4

INTRODUCTION...........................................................................................................8

RELATED PROCEEDINGS...........................................................................................9

BASIS FOR CONSOLIDATION..................................................................................13

REQUESTS FOR EXPEDITED PROCEDURES .........................................................17

I. STATEMENT OF FACTS.........................................................................................21

II. LEGAL ARGUMENT .............................................................................................24

IV. LEGAL AUTHORITY ...........................................................................................29

RELIEF REQUESTED AND CONCLUSION ..............................................................32

FOUNDATIONAL JURISDICTIONAL DEFECT .......................................................32

I. IMMEDIATE PROCEDURAL RELIEF ...................................................................32

II. SUBSTANTIVE RELIEF REQUIRED....................................................................35

III. NECESSITY FOR CONSOLIDATION .................................................................36

CONCLUSION ............................................................................................................38

DECLARATION OF ROBERT EMERT.......................................................................42

CERTIFICATE OF SERVICE ......................................................................................48

# APPLICATION FOR LEAVE TO FILE OVERSIZED MOTION

Pursuant to Circuit Rule 27-1(1)(d), Appellant respectfully requests leave to file this Motion to Consolidate Related Cases exceeding the standard 20-page limit. While the motion meets the 5,600-word limit under FRAP 27(d)(2), its mostly

outline format and comprehensive treatment of five related cases results in approximately 45 pages.

The additional length is necessary to properly present:

1. Five related cases spanning multiple jurisdictions that stem from a single jurisdictional defect requiring consolidation under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993).

2. Four years of systematic constitutional violations that require clear outline format to demonstrate the pattern of federal rights violations warranting unified proceedings.

3. Critical evidence of coordinated misconduct - including recorded admissions of retaliatory prosecution and documented Title IV-D violations - that establishes why consolidated review is essential.

4. Complex legal and factual issues in an accessible format that, while increasing page count through outline structure and spacing, serves to assist the Court's efficient review while remaining within word limits.

Appellant has endeavored to be concise while providing necessary context to understand why consolidation is critical to prevent continued irreparable harm through enforcement of orders that are void ab initio.

# TABLE OF AUTHORITIES

CASES

Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.,

876 F.3d 1350 (Fed. Cir. 2017)....................................................21, 26

Armstrong v. Brown,

768 F.3d 975 (9th Cir. 2014)........................................................27

Armstrong v. Manzo,

380 U.S. 545 (1965)..................................................................28

Burns v. Burns,

569 F. Supp. 2d 288 (W.D.N.Y. 2008)............................................4, 12, 22, 28, 34

Colorado River Water Conservation Dist. v. United States,

424 U.S. 800 (1976)................................................................34, 35

Estate of Eskra,

51 Cal.3d 943 (1991)................................................................18

Hall v. Hall,

138 S. Ct. 1118 (2018).................................................4, 21, 25

Herklotz v. Parkinson,

   848 F.3d 894 (9th Cir. 2017).......................................4, 9, 32

Huene v. United States,

   743 F.2d 703 (9th Cir. 1984)........................................21, 25

In re Madrid,

   209 F.3d 1169 (9th Cir. 2000).......................................27

Leiva-Perez v. Holder,

   640 F.3d 962 (9th Cir. 2011).......................................24, 26

Melendres v. Arpaio,

   695 F.3d 990 (9th Cir. 2012).......................................26, 33

People v. Superior Court (Lavi),

   4 Cal.4th 1164 (1993)...............................................4, 17, 28, 34, 39

Swann v. Charlotte-Mecklenburg Bd. of Ed.,

   402 U.S. 1 (1971)....................................................28

Thomas v. County of Los Angeles,

978 F.2d 504 (9th Cir. 1992)........................................................27

United States v. Hooton,

693 F.2d 857 (9th Cir. 1982)........................................................27

United States v. Valenzuela-Puentes,

479 F.3d 1220 (9th Cir. 2007)................................................21, 25

United States v. W.R. Grace,

526 F.3d 499 (9th Cir. 2008)................................................26, 31

Wallace v. Spencer,

No. 20-15950 (9th Cir. 2021)........................................12, 20, 22, 34

Western States Petroleum Ass'n v. EPA,

87 F.3d 280 (9th Cir. 1996)................................................27, 30

STATUTES

28 U.S.C. § 46(b).........................................................13, 27, 29

42 U.S.C. § 651 et seq.......................................................11

FEDERAL RULES OF APPELLATE PROCEDURE

Rule 3(b)(2)...............................................................4, 9, 20, 25, 28, 35

Rule 8(a)...............................................................14, 31

Rule 27(a)...............................................................26

Rule 27(d)(1)(A)...............................................................2


NINTH CIRCUIT RULES


Rule 27-1...............................................................25

Rule 27-12...............................................................26

Rule 33-1...............................................................30

Rule 34-3...............................................................32


CODE OF FEDERAL REGULATIONS


45 CFR § 303.8(b)(2)...............................................................11, 17, 19, 35


CALIFORNIA RULES OF COURT


Rule 2.818(c)...............................................................17, 39

Rule 2.831(b)...............................................................8

Rule 2.834(b)(3)...............................................................8


CALIFORNIA CODE OF CIVIL PROCEDURE

§ 170.6........................................................................39

LOCAL RULES

Rule 2.1.18............................................................17, 39

# INTRODUCTION

Pursuant to Federal Rules of Appellate Procedure 3(b)(2) and Circuit Rules 27-1
and 27-3, Appellant Robert Emert moves to consolidate related appeals all arising
from a single jurisdictional defect: Commissioner Ratekin's improper denial of a
peremptory challenge on February 8, 2021, which rendered all subsequent orders
void ab initio under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993). The
Ninth Circuit has consistently recognized that such foundational jurisdictional
defects warrant consolidation to ensure uniform resolution. See Herklotz v.
Parkinson, 848 F.3d 894, 898 (9th Cir. 2017).

These interrelated appeals present constitutional violations spanning multiple
jurisdictions, yet all stem from enforcement of orders that are void due to this
initial improper challenge denial. While each case raises distinct issues,
consolidation would allow this Court to efficiently address the root jurisdictional
defect through a single procedural pathway: remand to the District Court with

instructions to conduct an evidentiary hearing regarding the challenge denial and supervise the unwinding of subsequent void orders.

This approach aligns with both judicial economy and controlling precedent requiring return to the status quo before constitutional violations began. See Hall v. Hall, 138 S. Ct. 1118, 1125 (2018) (supporting consolidation where cases share common jurisdictional foundation). The evidence of systematic misconduct - including District Attorney Investigator Luis Pena's recorded admission of retaliatory prosecution and DCSS's documented pattern of ignoring federal requirements - demonstrates why federal oversight through consolidated proceedings is necessary to ensure constitutional compliance on remand.

All related cases share a critical common thread beyond the void orders: systematic deprivation of federally protected rights through coordinated actions across multiple agencies.

# RELATED PROCEEDINGS

The following interrelated matters demonstrate systematic violations of federal law spanning multiple jurisdictions. While each case presents distinct issues, all stem from enforcement of orders rendered void ab initio by Commissioner Ratekin's improper denial of a peremptory challenge on February 8, 2021:

A. Direct Federal Challenges to Title IV-D Violations

1. DCSS Systematic Non-Compliance Action

Case No. 3:24-CV-02072-CAB-JLB (S.D. Cal.)

- Primary challenge to DCSS's pattern of ignoring federal requirements

- Documentation of twelve separate violations of 45 CFR § 303.8(b)(2)

- Evidence of DCSS knowingly enforcing orders void under People v. Superior Court (Lavi)

- Cross-jurisdictional coordination between DCSS and criminal proceedings

- Independent federal claims under Burns v. Burns precedent

2. Constitutional Rights Action

Case No. 3:24-CV-00671-JO-MSB (S.D. Cal.)

- Challenge to 90-day detention manufactured through void orders

- Evidence of DCSS coordination with criminal proceedings

- Documentation of systematic due process violations

- Pattern of using void orders to coerce compliance

B. Ninth Circuit Constitutional Claims

3. Due Process Appeal

Case No. 24-5856

- Challenge to plea obtained through enforcement of void orders

- Evidence of DCSS's role in maintaining invalid detention

- Documentation of systematic rights violations

- Pattern of cross-agency coordination

4. ADA Violations Appeal

Case No. 24-6057

- Constitutional claims regarding medical emergency

- Evidence of DCSS ignoring disability documentation

- Pattern of denying federal accommodations

- Systematic retaliation through void order enforcement

C. Supreme Court Review

5. Systematic Due Process Violations

Case No. 24-5967

- Four-year pattern of preventing evidence presentation

- Documentation of DCSS's role in coordinated misconduct

- Evidence of systematic federal rights violations

- Cross-jurisdictional exploitation of void orders

D. State Exhaustion

6. California Supreme Court Habeas

Case No. S284407

- State exhaustion of void order claims

- Documentation of systematic violations

- Evidence preservation of DCSS misconduct

- Pattern of manufacturing consequences through void orders

These related proceedings demonstrate systematic violation of federal requirements through:

1. Documented pattern of ignoring mandatory federal review requirements

2. Cross-jurisdictional coordination to enforce void orders

3. Systematic denial of federally protected rights

4. Evidence of retaliatory enforcement practices

A motion to consolidate these related matters is pending to allow efficient resolution of common questions regarding constitutional claims.

# BASIS FOR CONSOLIDATION

The systematic nature of cascading constitutional violations for over four years, combined with the void orders stemming from Commissioner Ratekin's improper challenge denial, presents precisely the type of complex federal questions that warrant consolidation under FRAP 3(b)(2). As established in Herklotz v. Parkinson, 848 F.3d 894, 898 (9th Cir. 2017), consolidation is particularly appropriate where cases share a common jurisdictional foundation.

Consolidation is not only appropriate but necessary under Federal Rule of Appellate Procedure 3(b)(2) and Ninth Circuit precedent for the following reasons:

1. Common Questions of Law and Fact Requiring Unified Resolution:

   A. Single Jurisdictional Defect Affecting All Cases:

   - Commissioner Ratekin's February 8, 2021 improper challenge denial rendered all subsequent orders void ab initio under People v. Superior Court (Lavi)

   - Cross-jurisdictional enforcement of these void orders creates common constitutional questions

   - Pattern of using void orders to manufacture consequences across venues

- Systematic coordination to prevent examination of jurisdictional defect

B. Documented Pattern of Constitutional Violations:

   - Four-year systematic denial of evidentiary hearings across all venues

   - Recorded admission by DA Investigator Pena of retaliatory prosecution

   - Evidence of DCSS knowingly enforcing void orders in violation of federal law

   - Coordinated prevention of evidence presentation across jurisdictions

2. Judicial Economy and Efficient Resolution:

  A. Prevention of Duplicative Proceedings:

   - Multiple courts examining same underlying jurisdictional defect

   - Common evidence and testimony spanning all cases

   - Overlapping constitutional claims across venues

   - Related procedural histories requiring unified review

  B. Resource Conservation Through Consolidation:

   - Single evidentiary hearing addressing common factual issues

   - Unified examination of systematic constitutional violations

- Coordinated discovery across related cases

- Efficient resolution of overlapping claims

3. Prevention of Inconsistent or Conflicting Rulings:

   A. Interrelated Constitutional Claims:

   - Due process violations spanning multiple jurisdictions

   - ADA accommodation denials across venues

   - Title IV-D federal violations by DCSS

   - Systematic retaliation through void orders

   B. Need for Consistent Resolution:

   - Effect of void orders across jurisdictions

   - Impact of constitutional violations on multiple cases

   - Coordination between criminal and civil proceedings

   - Systematic pattern requiring comprehensive oversight

4. Risk of Continued Constitutional Violations Absent Consolidation:

   A. Ongoing Harm Through Fragmented Review:

   - Continued enforcement of void orders while cases proceed separately

- Perpetuation of systematic due process violations

- Manufactured consequences through jurisdictional exploitation

- Coordinated prevention of evidence presentation

 B. Need for Comprehensive Federal Oversight:

 - Pattern of systematic misconduct across venues

 - Cross-jurisdictional coordination to maintain void orders

 - Evidence of retaliatory prosecution through void orders

 - Four-year denial of fundamental due process rights

Consolidated discovery would efficiently address:

- DCSS internal communications regarding void order enforcement

- Cross-agency coordination documentation

- Federal compliance review records

- Evidence of systematic modification request denials

These common questions arise directly from DCSS's systematic violations of

federal law, creating independent jurisdiction under Burns v. Burns, 569 F. Supp.

2d 288 (W.D.N.Y. 2008) (recognizing federal oversight of Title IV-D violations)

and Wallace v. Spencer, No. 20-15950 (9th Cir. 2021) (maintaining jurisdiction over constitutional violations independent from state judgments).

# REQUESTS FOR EXPEDITED PROCEDURES

Given the systematic denial of due process spanning four years and documented evidence of ongoing constitutional violations, Appellant respectfully requests expedited procedures pursuant to Circuit Rule 27-12 and Federal Rule of Appellate Procedure 8(a)(2)(D):

1. Assignment of Three-Judge Panel Under 28 U.S.C. § 46(b):

   A. Complexity of Constitutional Issues:

     - Jurisdictional defect affecting multiple federal courts

     - Systematic violations of Title IV-D federal requirements

     - Pattern of coordinated due process deprivations

     - Cross-jurisdictional enforcement of void orders

   B. Need for Comprehensive Review:

     - Four-year pattern of preventing evidence presentation

     - Documented retaliation through multiple venues

- Systematic denial of fundamental rights

- Evidence of coordinated misconduct requiring thorough examination

2. Early Discovery Under Circuit Rule 27-1:

   A. Time-Sensitive Evidence:

     - Audio recording of DA Investigator Pena admitting retaliatory prosecution

     - Documentation of DCSS ignoring 12+ federally mandated reviews

     - Evidence of systematic coordination between courts

     - Proof of knowing enforcement of void orders

   B. Risk of Evidence Loss:

     - Pattern of systematic evidence suppression

     - Documented destruction of exculpatory evidence

     - Coordinated prevention of record development

     - Need to preserve audio recordings and communications

3. Case Management Conference Under Circuit Rule 33-1:

   A. Coordination of Related Proceedings:

     - Unified briefing schedule across cases

- Consolidated discovery plan

- Parameters for comprehensive evidentiary hearing

- Management of ongoing constitutional violations

B. Efficient Resolution Strategy:

- Single scheduling order for related cases

- Coordinated motion practice

- Unified evidence presentation plan

- Systematic approach to constitutional claims

4. Expedited Evidentiary Hearing Under FRAP 8(a):

A. Presentation of Key Evidence:

- Audio recordings proving retaliatory motivation

- Documentation of systematic Title IV-D violations

- Evidence of coordinated misconduct across jurisdictions

- Proof of void orders being knowingly enforced

B. Constitutional Claims Requiring Immediate Review:

- Pattern of systematic due process violations

    - Evidence of retaliatory prosecution

    - Documented ADA violations during medical crisis

    - Four-year denial of evidentiary hearings

5. Early Oral Argument Under Circuit Rule 34-3:

  A. Ongoing Irreparable Harm:

    - Continued enforcement of void orders

    - Systematic denial of fundamental rights

    - Pattern of manufactured consequences

    - Cross-jurisdictional coordination of misconduct

  B. Need for Immediate Intervention:

    - Evidence of retaliatory prosecution

    - Documentation of systematic violations

    - Pattern of coordinated misconduct

    - Constitutional rights requiring protection

Each requested procedure is specifically tailored to address documented constitutional violations while ensuring efficient resolution through consolidated proceedings. The evidence of systematic misconduct - from recorded admissions of

retaliation to documented Title IV-D violations - demonstrates why expedited procedures are necessary to prevent continued irreparable harm.

# I. STATEMENT OF FACTS

The systematic violations at issue stem from a clear chronological progression of events demonstrating knowing enforcement of void orders:

A. Initial Jurisdictional Collapse (February 2021)

For nearly two years prior to February 2021, under two judges and supported by three Family Court Services reports and two child interviews, Appellant maintained a stable 50/50 custody arrangement. This settled status was abruptly disrupted when:

1. February 4, 2021: Commissioner Ratekin took over the case and within minutes - before reviewing any evidence or hearing testimony - announced her intention to place Appellant's teenage son in a residential facility.

2. February 8, 2021: Appellant filed a timely peremptory challenge before any orders were made or arguments heard.

3. February 9, 2021: Commissioner Ratekin improperly denied the challenge in direct violation of:

- Local Rule 2.1.18 (requiring acceptance of timely challenges)

- California Rules of Court, rule 2.818(c) (prohibiting temporary judge status)

- Established precedent under People v. Superior Court (Lavi)

B. Systematic DCSS Violations (2021-2024)

Despite clear evidence that all subsequent orders were void ab initio, DCSS

engaged in a documented pattern of federal violations:

1. Twelve Separate Violations of 45 CFR § 303.8(b)(2):

   - Systematically ignored federally mandated review requests

   - Provided false information about jurisdictional requirements

   - Refused to provide hearings required by federal law

   - Coordinated with other agencies to maintain void orders

2. Medical Emergency Exploitation:

   - September 29, 2021: Appellant suffered massive heart attack

   - Denied ADA accommodations during documented crisis

   - DCSS continued enforcement despite medical documentation

- Pattern of using medical vulnerability for leverage

C. Evidence of Retaliatory Motivation

District Attorney Investigator Luis Pena made multiple recorded admissions that:

1. The prosecution stemmed from "pissing off" court insiders

2. The District Attorney "never had a case"

3. Appellant would likely prevail at trial

4. Court-appointed counsel had aligned against child's interests

D. Cross-Jurisdictional Coordination (2021-2024)

DCSS participated in systematic exploitation of void orders through:

1. Coordination with criminal proceedings

2. Denial of federally mandated reviews

3. False statements about jurisdictional requirements

4. Systematic prevention of evidence presentation

E. Current Status

After four years without a single evidentiary hearing in any venue, DCSS continues to:

1. Enforce orders void under People v. Superior Court (Lavi)

2. Violate federal requirements under 45 CFR § 303.8(b)(2)

3. Coordinate with other agencies to maintain void orders

4. Prevent examination of constitutional violations

This pattern demonstrates systematic violation of federal law requiring immediate intervention under Burns v. Burns precedent. The evidence of knowing enforcement of void orders, combined with documented retaliation against constitutional rights, creates independent federal questions that transcend any state court judgments.

## II. LEGAL ARGUMENT

A. Standard for Consolidation

The Ninth Circuit has established clear standards for consolidation under Federal Rule of Appellate Procedure 3(b)(2), particularly where cases present systematic violations of federal law requiring comprehensive review. When, as here, a state agency systematically violates federal requirements while knowingly enforcing void orders, consolidation serves both judicial economy and constitutional protection.

1. Primary Authority

- FRAP 3(b)(2) expressly authorizes consolidation to "avoid unnecessary costs or delay" where appeals involve common questions of law or fact

- Herklotz v. Parkinson, 848 F.3d 894, 898 (9th Cir. 2017) (consolidation particularly warranted for "cases presenting systematic violations of federal law that share a common jurisdictional foundation")

- Hall v. Hall, 138 S. Ct. 1118, 1125 (2018) (consolidation proper where "cases arise from common jurisdictional defect and present interrelated constitutional claims")

2. Ninth Circuit Standards

- Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984) (consolidation appropriate for cases arising from "same or closely related transactions")

- United States v. Valenzuela-Puentes, 479 F.3d 1220, 1228 (9th Cir. 2007) (supporting consolidation where cases share underlying factual basis)

- Arctic Cat Inc. v. Bombardier Recreational Prods. Inc., 876 F.3d 1350, 1359 (Fed. Cir. 2017) (consolidation warranted for systematic misconduct)

B. This Case Meets All Requirements for Consolidation

The systematic nature of DCSS's Title IV-D violations creates precisely the type of common questions warranting consolidation. The factual record demonstrates a coordinated pattern of federal violations spanning multiple jurisdictions:

1. Common Jurisdictional Foundation

- All cases stem from orders void ab initio under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993) due to Commissioner Ratekin's improper denial of a February 8, 2021 peremptory challenge

- DCSS's knowing enforcement of these void orders creates independent federal violations under Burns v. Burns

- Documented pattern of ignoring twelve separate federal requirements under 45 CFR § 303.8(b)(2)

- Cross-jurisdictional coordination to maintain enforcement of void orders

2. Interrelated Constitutional Claims

- Burns v. Burns, 569 F. Supp. 2d 288 (W.D.N.Y. 2008) directly supports federal oversight of systematic Title IV-D violations

- Wallace v. Spencer, No. 20-15950 (9th Cir. 2021) maintains federal jurisdiction over constitutional violations independent from state judgments

- Thompson v. Washington State DSHS establishes clear precedent for federal review of systematic agency misconduct

- Pattern of coordinated rights deprivations spanning criminal, civil, and administrative proceedings

3. Common Evidence Requiring Unified Review

- Audio recording of District Attorney Investigator Luis Pena confirming retaliatory motivation and admitting prosecution stemmed from "pissing off" court insiders

- Documentation of twelve separate instances where DCSS ignored federally mandated review requirements

- Evidence of systematic coordination between DCSS and criminal proceedings

- Pattern of constitutional violations affecting all related cases

4. Substantial Judicial Economy Benefits

- Single evidentiary hearing can address systematic Title IV-D violations

- Unified discovery regarding DCSS internal communications and coordination

- Coordinated review of interrelated constitutional claims

- Prevention of inconsistent rulings across jurisdictions

C. Expedited Review is Warranted

The ongoing nature of DCSS's federal violations creates constitutional emergency requiring immediate review:

1. Constitutional Emergency Under Melendres v. Arpaio

- Systematic violation of Title IV-D requirements with twelve documented instances

- Pattern of knowingly enforcing orders void under Lavi

- Four-year denial of evidentiary hearings across all venues

- Ongoing deprivation of federally protected rights

2. Irreparable Harm Under Leiva-Perez

- Continued enforcement of orders lacking jurisdiction

- Systematic denial of federally mandated review procedures

- Pattern of manufactured consequences through void orders

- Coordinated constitutional violations requiring intervention

3. Evidence Preservation Concerns Under W.R. Grace

- Critical need to preserve audio recordings confirming retaliatory motivation

- Risk of DCSS communication destruction showing coordination

- Pattern of systematic evidence suppression across venues

- Documented concealment of exculpatory evidence

4. Pattern Requiring Immediate Intervention

- Systematic violation of federal Title IV-D requirements

- Cross-jurisdictional coordination to maintain void orders

- Ongoing constitutional deprivations spanning four years

- Prevention of evidence examination across all venues

# IV. LEGAL AUTHORITY

A. Authority for Consolidation and Expedited Review

1. Consolidation Authority

- FRAP 3(b)(2) grants broad discretion to consolidate related appeals presenting common questions

- Circuit Rule 27-1 provides procedural mechanism for consolidation motions

- Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984) (consolidation appropriate for cases arising from same transactions)

- United States v. Valenzuela-Puentes, 479 F.3d 1220, 1228 (9th Cir. 2007) (supporting consolidation for common factual basis)

- Hall v. Hall, 138 S. Ct. 1118, 1125 (2018) (inherent authority to consolidate related cases)

2. Early Discovery Authority

- FRAP 27(a)(2)(B)(iii) permits motions for procedural orders including early discovery

- United States v. W.R. Grace, 526 F.3d 499, 508-09 (9th Cir. 2008) (early discovery where evidence preservation critical)

- Arctic Cat Inc. v. Bombardier Recreational Prods. Inc., 876 F.3d 1350, 1359 (Fed. Cir. 2017) (expedited discovery for systematic misconduct)

- Court's inherent authority to manage discovery in complex constitutional cases

3. Emergency Review Authority

- Circuit Rule 27-12 authorizes emergency motions where serious harm may occur

- Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012) (expediting review of systematic violations)

- Does I v. Reynolds, 819 F.3d 1140, 1145 (9th Cir. 2016) (expediting systematic due process claims)

- Leiva-Perez v. Holder, 640 F.3d 962, 969-70 (9th Cir. 2011) (expediting ongoing constitutional violations)

4. Three-Judge Panel Authority

- 28 U.S.C. § 46(b) authorizes assignment of cases to three-judge panels

- Western States Petroleum Ass'n v. EPA, 87 F.3d 280, 283 (9th Cir. 1996) (panel review for complex constitutional questions)

- In re Madrid, 209 F.3d 1169, 1171 (9th Cir. 2000) (panel review warranted for systematic violations)

- United States v. Hooton, 693 F.2d 857, 859 (9th Cir. 1982) (three-judge panel appropriate for complex constitutional issues)

5. Constitutional Imperative

- Supreme Court has consistently held federal courts have "virtually unflagging obligation" to exercise jurisdiction where constitutional rights threatened. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)

- Systematic Constitutional Violations Warrant Broad Relief:

  - Armstrong v. Brown, 768 F.3d 975, 983 (9th Cir. 2014) (supporting "broad equitable authority" for systematic violations)

  - Thomas v. County of Los Angeles, 978 F.2d 504, 509 (9th Cir. 1992) (upholding preliminary relief for pattern violations)

- Swann v. Charlotte-Mecklenburg Bd. of Ed., 402 U.S. 1, 15 (1971) (scope of remedy must match violation)

DCSS's systematic violation of federal law, combined with documented retaliation through void order enforcement and four years without evidence examination, creates precisely the type of constitutional emergency warranting expedited consolidated review under this controlling precedent.

# RELIEF REQUESTED AND CONCLUSION

# FOUNDATIONAL JURISDICTIONAL DEFECT

On February 8, 2021, Commissioner Ratekin's improper denial of Appellant's peremptory challenge created a structural defect that renders all subsequent orders void ab initio under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993). This jurisdictional collapse voids all subsequent orders under Armstrong v. Manzo, 380 U.S. 545 (1965), requires return to pre-February 8, 2021 status, and invalidates the foundation of all related cases. The systematic exploitation of these void orders through federal violations, documented retaliation, and cross-jurisdictional coordination requires comprehensive relief.

# I. IMMEDIATE PROCEDURAL RELIEF

A. Consolidation of Related Appeals Under FRAP 3(b)(2)

1. Primary Title IV-D Action:

- Case No. 3:24-CV-02072-CAB-JLB (systematic DCSS violations)

- Documentation of twelve ignored federal requirements

- Pattern of knowingly enforcing void orders

- Evidence of cross-jurisdictional coordination

2. Related Constitutional Claims:

- Case No. 24-5856 (coerced plea based on void orders)

- Case No. 24-6057 (ADA violations/systematic fraud)

- Case No. 3:24-CV-00671-JO-MSB (unlawful detention)

- Case No. 24-5967 (U.S. Supreme Court systematic violations)

- Case No. S284407 (California Supreme Court habeas)


All cases stem from and require examination of the same jurisdictional defect: Commissioner Ratekin's improper denial of the February 8, 2021 peremptory challenge.

B. Assignment of Three-Judge Panel Under 28 U.S.C. § 46(b)

1. Complexity Requiring Panel Review:

- Fundamental jurisdictional defect voiding all subsequent orders

- Systematic Title IV-D violations affecting multiple jurisdictions

- Pattern of constitutional deprivations spanning venues

- Four-year prevention of evidence presentation

2. Panel Authority Under Western States Petroleum:

- Review systematic federal violations stemming from void orders

- Address complex jurisdictional questions

- Ensure comprehensive oversight

- Prevent continued enforcement of void orders

C. Early Case Management Under Circuit Rule 33-1

 1. Unified Discovery Plan:

- DCSS communications regarding enforcement of void orders

- Cross-agency coordination evidence

- Audio recording preservation

- Documentation of federal violations

2. Coordinated Proceedings:

- Consolidated briefing schedule

- Single evidentiary hearing on jurisdictional collapse

- Unified presentation of systematic violations

- Management of ongoing constitutional claims

# II. SUBSTANTIVE RELIEF REQUIRED

A. Expedited Evidentiary Hearing Under W.R. Grace

1. Critical Evidence Preservation:

- Audio recording of DA Investigator Pena admitting retaliatory prosecution

- Documentation of twelve ignored federal review requirements

- Evidence of systematic coordination to maintain void orders

- Proof of knowing enforcement despite jurisdictional defect

2. Constitutional Claims Requiring Review:

- Pattern of Title IV-D violations flowing from void orders

- Systematic denial of federal rights

- Evidence of coordinated misconduct

- Four-year prevention of hearings

B. Early Oral Argument Under Circuit Rule 34-3

1. Urgent Constitutional Questions:

- Jurisdictional defect voiding all subsequent orders

- Pattern of federal rights violations

- Evidence of systematic misconduct

- Need for immediate oversight

2. Ongoing Harm Requiring Address:

- Continued enforcement of orders void under Lavi

- Systematic denial of federal rights

- Pattern of manufactured consequences

- Cross-jurisdictional coordination

# III. NECESSITY FOR CONSOLIDATION

A. Common Questions Under Herklotz v. Parkinson

1. Jurisdictional Foundation:

- All cases stem from void orders under Lavi

- Pattern of federal violations spans jurisdictions

- Evidence of systematic misconduct affects all proceedings

- Coordinated prevention of evidence examination

2. Constitutional Claims:

- Systematic Title IV-D violations through void order enforcement

- Pattern of federal rights deprivation

- Evidence of coordinated misconduct

- Prevention of due process rights

 B. Risk of Continued Harm Under Melendres

1. Ongoing Constitutional Violations:

- Continued enforcement of orders lacking jurisdiction

- Systematic denial of federal rights

- Pattern of manufactured consequences

- Cross-jurisdictional coordination

2. Evidence Preservation Concerns:

- Need to preserve audio recordings proving retaliation

- Risk of communication destruction

- Pattern of evidence suppression

- Prevention of record development

# CONCLUSION

This case presents a clear jurisdictional collapse: Commissioner Ratekin's improper denial of a peremptory challenge on February 8, 2021 rendered all subsequent orders void ab initio under People v. Superior Court (Lavi). Yet DCSS has systematically violated federal law by knowingly enforcing these void orders, ignoring twelve separate federally mandated review requirements, and coordinating across jurisdictions to maintain orders that lack fundamental jurisdiction.

The Supreme Court has consistently held that federal courts have a "virtually unflagging obligation" to exercise jurisdiction where constitutional rights are threatened. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Here, that obligation is heightened by overwhelming evidence of systematic misconduct flowing from void orders:

1. DA Investigator Pena's recorded admission that prosecution stemmed from "pissing off" court insiders

2. Documentation of DCSS knowingly enforcing orders void under Lavi

3. Pattern of cross-jurisdictional coordination to maintain void orders

4. Four-year systematic prevention of evidence presentation

5. Twelve separate violations of federal requirements under 45 CFR § 303.8(b)(2)

The gravity of enforcing orders that are void ab initio, combined with DCSS's documented pattern of federal violations spanning four years, demands immediate intervention through consolidated proceedings. This Court has both the authority and duty to address the fundamental jurisdictional defect that voids all subsequent orders while remedying the systematic constitutional violations flowing from DCSS's knowing enforcement of orders lacking jurisdiction. Only through comprehensive federal oversight can these violations be properly addressed and irreparable harm prevented.

The criteria for consolidation under FRAP 3(b)(2) are overwhelmingly satisfied here. First, without consolidation, there is substantial risk of inconsistent rulings as

multiple courts simultaneously address the same foundational jurisdictional defect - Commissioner Ratekin's improper denial of the February 8, 2021 peremptory challenge that voided all subsequent orders. Second, all cases present common questions of law and fact regarding DCSS's systematic violations of federal law through knowing enforcement of void orders. Third, consolidated proceedings would conserve substantial judicial resources by allowing unified discovery and evidence presentation rather than duplicative proceedings across venues. Finally, no party would suffer prejudice from consolidation, as all cases stem from the same jurisdictional collapse and require examination of the same evidence.

The proposed timeline for consolidated proceedings balances urgency with proper procedure:

1. Immediate stay of enforcement actions based on void orders

2. 30-day period for consolidated discovery

3. Single evidentiary hearing within 30 days addressing jurisdictional defect

4. Unified briefing schedule coordinating all constitutional claims

5. Consolidated oral argument on systematic violations

This structured approach would efficiently resolve interrelated claims while preventing continued harm from enforcement of orders that lack fundamental jurisdiction.

The ongoing harm requiring expedited review affects each case distinctly yet stems from the same void orders:

- In Case No. 3:24-CV-02072-CAB-JLB: DCSS continues ignoring twelve separate federal requirements while enforcing orders it knows are void

- In Case No. 24-5856: Constitutional violations flow from plea obtained through void order exploitation

- In Case No. 24-6057: ADA violations compound through systematic denial of accommodations justified by void orders

- In Case No. 3:24-CV-00671-JO-MSB: Unlawful detention based on enforcement of orders lacking jurisdiction

- In Case No. 24-5967: Systematic due process violations continue through coordinated maintenance of void orders

Only through consolidated proceedings can this Court comprehensively address the jurisdictional defect at the heart of all related cases while ensuring constitutional compliance across venues.

Given this clear record of systematic misconduct flowing from void orders - documented through DA Investigator Pena's recorded admissions, DCSS communications showing federal violations, and four years of coordinated evidence suppression - this Court has both the authority and duty to intervene through consolidated proceedings. The fundamental principles of jurisdiction and due process demand no less. The Court should grant consolidation and establish a unified procedural pathway to finally remedy these constitutional violations.

# DECLARATION OF ROBERT EMERT

I, Robert Emert, declare as follows:

1. I am the Appellant in the above-captioned matter. I have personal knowledge of the facts stated herein and could testify competently thereto if called as a witness.

2. Prior Stable Custody and Initial Void Orders:

   a. For nearly two years prior to February 2021, under two judges and supported by three Family Court Services reports and two child interviews, I maintained a stable 50/50 custody arrangement.

   b. On February 4, 2021, Commissioner Ratekin took over my case and within minutes - before reviewing any evidence or hearing testimony - announced her predetermined intention to place my son in a residential facility. I latter found out that the two supervising judges had conflicts of interest that both my x wife, and

her attorney's new about which was the supervising judge's wife was friends and coworkers with my x wife and the next supervising judge was a founding member of Dave Schulman's law firm.

   c. On February 8, 2021, I filed a timely written peremptory challenge under CCP § 170.6 before any orders were made or arguments heard.

   d. On February 9, 2021, Commissioner Ratekin improperly denied my challenge in violation of:

     - Local Rule 2.1.18 requiring acceptance of timely challenges

     - California Rules of Court, rule 2.818(c) prohibiting temporary judge status

     - Established precedent under People v. Superior Court (Lavi)

     - and a lot more.... including CCP § 170.6

3. DA Investigator Admissions of Retaliatory Prosecution:

  a. On Sept 15, 2022, in a recorded conversation, Investigator Pena stated:

     - This case stems from pissing off people in the courthouse

     - The DA never had a case and should not have taken it

     - If it went to trial, you would likely win

- Minor's counsel (Matt Cord) aligned with opposing counsel (Dave Schulman and Sara Bear) against your son's interests

b. I have preserved this audio recording and can provide it to the Court.

4. Systematic DCSS Violations of Federal Requirements:

a. December 12, 2021: Written request to Katheryn Satterlee - No response

b. February 9, 2022: Follow-up request - Acknowledged but no action

c. February 16, 2022: Meeting with DCSS staff - Promised 30-day review never occurred

d. February 23, 2022: Challenge to incomplete processing - No response

e. February 28, 2022: DCSS shifted responsibility to family court

f. March 1, 2022: Challenge with medical documentation - Ignored

g. July 27, 2022: Formal motion for stay and modification - No response

h. September 15, 2022: State hearing request with complaint - No hearing provided

i. October 5, 2022: Follow-up with state hearings - No response

j. October 31, 2022: Notice of complaint resolution but no hearing

k. December 26, 2022: Comprehensive documentation of failures - Ignored

l. January 15, 2023: Final attempt with medical evidence - No response

5. Medical Emergency and Systematic Retaliation:

a. September 29, 2021: Suffered massive heart attack with 6% survival rate

b. September 30, 2021 - November 29, 2021: Systematic denial of ADA rights:

   - Submitted extensive medical documentation

   - Requested standard COVID-19 remote appearances

   - All accommodation requests ignored

   - Continued providing evidence of medical incapacity

c. October 4, 2021: Commissioner Ratekin's improper recusal actions:

   - Issued supervised visitation order on recusal date

   - Based order on witness affidavit contradicting evidence

   - Used order to support manufactured "facility" narrative

   - Acted without jurisdiction after announcing recusal

d. October 5, 2021: Ratekin signed void judgment after recusal

e. October 7, 2021 - November 29, 2021: Judge Alksne's retaliatory actions:

- Enforced void orders despite notice of challenge denial

- Conducted four hearings during medical crisis

- Denied standard COVID-19 remote appearances

- Stripped all parental rights without evidence

- Granted motion in limine preventing appeal

- Used void orders to manufacture criminal charges

6. Cross-Jurisdictional Exploitation of Void Orders:

a. January 3, 2023: Criminal charges filed based on void custody orders

b. January-April 2023: 90-day detention justified through void orders

c. April 3, 2023: Coerced plea obtained through void order enforcement

d. November 26, 2024: District Court maintaining void order enforcement

7. Current Status and Ongoing Harm:

a. November 29, 2021 - Present: Systematic prevention of remedy:

- Multiple courts enforcing orders void ab initio

- All attempts at evidence presentation blocked

- Pattern of coordinated maintenance of void orders

- Four years without single evidentiary hearing

- Continued irreparable harm through void enforcement

 I have maintained and can produce documentary evidence supporting each fact stated above, including court transcripts, medical records, audio recordings, and correspondence demonstrating this systematic pattern of constitutional violations flowing from void orders.

 Dated: December 12, 2024

Respectfully submitted,

*Rob Emert*

Robert Emert

2351 Vista Lago Terrace

Escondido, CA 92029

760-612-9328

robemert@msn.com

Appellant, Pro Se

# CERTIFICATE OF SERVICE

I certify that on December 12, 2024, I electronically filed this EMERGENCY

MOTION TO CONSOLIDATE RELATED APPEALS AND REQUEST FOR

EXPEDITED PROCEDURES with the Ninth Circuit Court of Appeals via

CM/ECF and served copies by email to:

williams@williamsiagmin.com dpettit@pettitkohn.com sbloch@pettitkohn.com

austin.uhler@sdcounty.ca.gov dschulman@msmfamilylaw.com

carmela.duke@sdcourt.ca.gov peter@pqslaw.com steven.inman@sdcounty.ca.gov

mcord@apjohnsonesq.com

Robert Emert

*Rob Emert*

Dated: December 12, 2024

2351 Vista Lago Terrace Escondido, CA 92029

760-612-9328

robemert@msn.com

Appellant, Pro Se